IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

HECTOR PEREZ SOLER,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

CIVIL NO. 08-1065 (JAG)
Criminal No. 03-016 (JAG)

# REPORT AND RECOMMENDATION

## INTRODUCTION

On January 15, 2008, above petitioner Héctor Pérez Soler (hereinafter "petitioner Pérez-Soler") filed a post-conviction relief under Title 28, United States Code, Section 2255. (**Docket No. 1**).

On February 29, 2008, respondent United States of America, (hereinafter "respondent") filed its response in opposition. (**Docket No. 6**). On April 10, 2008, the matter was referred to this Magistrate Judge for report and recommendation. (**Docket Nos. 7, 8**).

## BACKGROUND

Pérez Soler was originally detained by state law enforcement officers and found in possession of a firearm. He had been identified the day before for having threatened, brandished and pointed a weapon to a group of persons who had gathered along the street in the municipality of Aguadilla, including women and children. After state prosecutors found petitioner was a convicted felon, he was charged in the federal jurisdiction. As a result thereof,

petitioner Pérez Soler was indicted in a one count Indictment before this federal district court for being a convicted felon, in possession of a firearm. A violation to Title 18, United States Code, Section 922(g)(1). The indictment also indicated Pérez Soler committed said federal violation after having at least three (3) violent felonies, armed robberies, in violation of Title 18, United States Code, Section 924(c), which provided notice he was to be considered an armed career criminal.

After several discovery and pretrial proceedings, and while represented by counsel from the Federal Public Defender's Office, Pérez Soler sought to suppress the witnesses' identification, as well as the firearm which had been seized by state law enforcement officers at the time of arrest. A suppression hearing was held before a United States Magistrate Judge and the report and recommendation denying the motion to suppress was adopted thereafter by the Court. (*Criminal No. 03-16 (JAG) Docket Nos. 45, 52*). Jury trial was then scheduled.

Prior to trial, petitioner requested to have another counsel appointed and the Court initially denied the request. On the second day of trial and out of the presence of the jury, petitioner informed he was pleading guilty as to the only count of the indictment. Pérez Soler entered a plea of guilty as reflected by the available transcript. (*Criminal No. 03-16, Docket Nos. 70, 82*). Upon request of counsel, a psychological evaluation of petitioner was ordered (*Id. Docket Nos. 71, 72*).

Petitioner again requested his counsel to withdraw and the issue was referred to a Magistrate Judge for report and recommendation. A hearing was held and then counsel for

petitioner agreed for another counsel to be appointed. The presentence report deadlines were tolled until the matter of counsel was elucidated. (*Id.*, *Docket Nos. 77, 78, 79, 80*). The report and recommendation as to petitioner not being satisfied with counsel was resolved by indicating Pérez Soler and the Office of the Public Defender's had irreconcilable differences. Pérez Soler had also requested at the time to withdraw his plea but this petition was held in abeyance until new counsel would appear. (*Id. Docket Nos. 83, 85*).

New appointed counsel appeared and the sentencing hearing was continued *sine die* because the requested psychiatric evaluation was still pending. Once more, Pérez Soler sought to have new counsel appointed and, shortly thereafter, counsel withdrew its representation after the issue was referred to a Magistrate Judge for consideration. (*Id. Docket Nos. 121, 123, 125*).

Finally, a third counsel was appointed to Pérez Soler, Atty. Héctor Deliz, and the sentence hearing was rescheduled. New counsel sought to withdraw the guilty plea petitioner had entered on several grounds (*Id. Docket No. 160*). The Court denied the request and rescheduled the sentence. The concern to withdraw the guilty plea evolved mainly in that the sentencing court could impose a sentence higher than the fifteen (15) years minimum as an armed career offender. This issue was resolved afterwards by the Court imposing said minimum of fifteen (15) years (one hundred and eighty months), although the sentencing guidelines with a Base Offense Level of thirty two (32) and a criminal history category IV, stated the Sentencing Guideline range was 210-262 months. The statute allowed a minimum of fifteen (15) years and up to life.

Héctor Pérez Soler v. United States
Civil No. 08-1065 (JAG)
Report and Recommendation
Page No. 4

Another issue argued to seek withdrawal of the plea was not having been present during part of the suppression hearing. It was also mentioned a concern as to petitioner's mental health. The latter was discussed, since petitioner was considered competent to stand trial, as part and parcel of a diminished capacity argument regarding mitigation of sentence. The mental capacity for the offense had been already resolved by way of psychiatric examination.

Prior to sentence, counsel Deliz submitted petitioner's pre-sentence memorandum and his objections to the pre-sentence report. Counsel Deliz also submitted a request for downward departure. (*Id. Docket Nos. 168, 170, 172*). Sentence was imposed on December 8, 2005 and the transcript of proceedings held is available on the record *(Id., Docket Nos. 173, 187)*. The sentencing court allowed testimony of a psychologist and the tests conducted regarding diminished capacity for purposes of sentence. A notice of appeal was filed as to the sentence of one hundred and eighty months (180), the statutory minimum required by statute and below the sentencing range.

The Court of Appeals for the First Circuit issued its decision affirming the sentence imposed on petitioner Pérez-Soler as an armed career criminal. In the appeal, Pérez Soler also submitted his attempts to withdraw his plea, the adequacy of his legal representation, and the miscalculation of his criminal history. The Appeals Court discussed petitioner's mental health problems indicating that the district court had held an evidentiary hearing with the testimony of an examining psychiatrist regarding petitioner's mental conditions. It also examined that the plea colloquy was regular in every way. As to the ineffective assistance of counsel claim, the issue was left best suited for post-conviction relief, which is now present before this Court.

Finally, the Court of Appeals indicated the arguments regarding the miscalculation as to the criminal history had no support in law but allowed petitioner's right to preserve the issue. *See* United States v. Hector Perez-Soler, No. 06-1073 (1st Cir. December 12, 2006).

## LEGAL ANALYSIS

In petitioner Pérez Soler's post-conviction relief motion, he raises ineffective assistance of counsel for the following reasons:

(1) as a defendant he was not present during part of the suppression hearing regarding the identification process by witnesses to the offense and the suppression hearing requested was consolidated to deal with identification evidence and with the suppression of physical evidence -the firearm seized from him, which results in violation to his right to confrontation;

(2) counsel allowed petitioner to enter a plea knowing his mental health problems;

(3) counsel failed to object to his own expert witness' testimony as to the mental condition since petitioner expected his counsel to impeach his own expert witness testimony regarding him not a schizophrenic;

(4) his plea was not knowing and voluntary in light of his mental condition.

**A.    Ineffective Assistance of Counsel.**

Petitioner Pérez Soler has presented in this motion for post-conviction relief a claim of ineffective assistance of counsel for counsel's failure to deny him to be present at the suppression hearing and allowing him to enter a plea knowing his mental health problems, and for not impeaching the testimony of the defense expert witness denying he was schizophrenic. We shall discuss.

<u>Héctor Pérez Soler v. United States</u>
Civil No. 08-1065 (JAG)
Report and Recommendation
Page No. 6

Matters dealing with the suppression hearing are considered pretrial issues which are waived once defendant enters a plea of guilty. In the aftermath of a guilty plea, unless a defendant has entered a conditional plea[1] reserving the issue, he is considered to have waived pretrial claims.[2]

Still, petitioner argues ineffectiveness of counsel as grounds to the error of not allowing him to be present during part of the suppression hearing regarding eye witnesses identification. The record shows petitioner was within the premises, and his absence was solely during the witnesses' identification and not the whole suppression hearing. This may not be considered a plain error but rather a strategy of counsel.

There is record of an evidentiary hearing wherein defendant Pérez Soler complained to the Court in seeking to have his first counsel withdrawn as to not being in agreement with his counsel's strategy in being away from the courtroom, locked up in another room, during part of the suppression hearing regarding his identity. It is therein stated defense counsel had discussed the matter previously with petitioner. *Transcript 3-15-2004, pp. 4, 14, 15. (Criminal No. 03-16, Docket No. 146)*. Furthermore, as part of petitioner's attempt to withdraw his plea of guilty when represented by his third appointed counsel, the court entertained the arguments he had been denied the right to confront his accusers at the suppression hearing and not

---

[1] <u>United States v. Caraballo Cruz</u>, 52 F.3d 390, 392 (1st Cir. 1995) (when the parties enter a conditional plea that expressly preserves the defendant's right to raise an issue of appeal, the waiver of claims is overcome); <u>Acevedo-Ramos v. United States</u>, 961 F.2d 305, 307 (1st Cir. 1992); *and see* <u>Tollett v. Henderson</u>, 411 U.S. 258, 267, 93 S.Ct. 1602 (1973) (after a defendant has pleaded guilty, he may not raise independent claims relating to deprivation of constitutional rights that occurred prior to the entry of guilty plea).

[2] An unconditional plea waives prior non-jurisdictional constitutional errors and rejects the contention that a claim for suppression of evidence is a non-waived jurisdictional issue. <u>United States v. Cordero</u>, 42 F.3d 697, 699 (1st Cir. 1994).

Héctor Pérez Soler v. United States
Civil No. 08-1065 (JAG)
Report and Recommendation
Page No. 7

actively assisting counsel during cross-examination of these witnesses. Petitioner had indeed previously presented to the Court during the suppression hearing, a motion entitled Defendant's Waiver of Right to be Present at Evidentiary Hearing. (*Id. Docket No. 42*). The government had objected to petitioner's absence but the Court ruled allowing petitioner to waive his right to be present during the testimony of two of the witnesses who had identified him on the date of the events leading to his arrest. Counsel for petitioner was present and cross-examined these two witnesses and petitioner was present thereafter during the testimonies of other government and defense witnesses for suppression purposes, including state law enforcement officers. At the time, Pérez Soler well knew the suppression hearing was undergoing and did not voice a concern for being absent during the testimonies of these two witnesses. It is thus clear, the maneuver was a strategy of the defense and not ineffective assistance. (*Criminal No. 03-16, Docket Nos. 160, Motion to Withdraw a Guilty Plea; Docket No. 164, United States Opposition to Defendant's Motion to Withdraw a Guilty Plea*).

It has been considered a strategy of the defense, for example, when a counsel's decision not to call a particular witness and assessed as a sound trial strategy, when evaluated in light of whatever trial strategy reasonably competent counsel devised in the context of the particular case. *See* Reyes Vejerano v. United States, 276 F.3d 94 (1st Cir. 2002); Lema v. United States, 987 F.2d 48, 55 (1st Cir. 1993); United States ex rel. Walker v. Henderson, 492 F.2d 1311, 1314 (2d Cir. 1974). Thus, to succeed on an ineffective assistance of counsel claim, petitioner has the burden of showing that (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's error, the result

Héctor Pérez Soler v. United States
Civil No. 08-1065 (JAG)
Report and Recommendation
Page No. 8

of the proceedings would have been different. *See* <u>Smullen v. United States</u>, 94 F.3d 20, 23 (1st Cir. 1996). In applying this test, first announced in <u>Strickland v. Washington</u>, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984), judicial scrutiny of counsel's performance must be highly deferential. There is, in other words, a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* As a corollary, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. " *Id.* (quoting <u>Michel v. Louisiana</u>, 350 U.S. 91, 101, 76 S.Ct. 158 (1955)).

In this regard, this Court has previously stated that [t]he decision whether to call a particular witness is almost always strategic, requiring a balancing of the benefits and risks of the anticipated testimony. <u>Lema v. United States</u>, 987 F.2d at 54. For all the above discussed, counsel was not considered ineffective for having waived petitioner's presence during the testimony of two eye witnesses identification testimony during the suppression hearing.

Petitioner also argues, without more, he should had been entitled to separate suppression hearings in regard to identification and also in regard to the firearm. There is no ground to consider petitioner endured any type of constitutional violation by the district court holding one suppression hearing. Judicial economy and usual proceedings follow that one suppression hearing be held as to all the grounds presented by a defendant and even joined by other co-defendants, if applicable. This contention fails to past muster and should be summarily denied.

Héctor Pérez Soler v. United States
Civil No. 08-1065 (JAG)
Report and Recommendation
Page No. 9

Petitioner also raised counsel allowed him to enter into a guilty plea knowing his mental health problems. The record is undisputed as to petitioner's mental health conditions were considered at all times by the parties and by the court. Pérez Soler was object of psychiatric and psychological evaluation. He was found competent regarding the penal proceedings and his mental health history allowed him to present mitigation evidence at the time of sentence that evidently was considered by the sentencing court for the purposes of lowering his exposure from the sentencing guideline range of a possible 210-262 months of incarceration to the sentence he actually received, 180 months, which was the statutory minimum for his armed career offender status.

The finding of competency also affirms no substance to his claim of ineffective assistance because his plea was allegedly not knowing and voluntary in light of his mental condition, as well as his subjective expectation that his counsel failed in not objecting to his own expert witness' testimony as to the mental condition. Petitioner expects his counsel to have impeached his own expert witness testimony regarding him not a schizophrenic.

The testimony of a clinical psychologist was presented by petitioner's counsel for sentencing mitigation. *Transcript 12-8-2005 (Id. Docket No. 187)*. It was indeed a very effective testimony which allowed the sentencing court to impose the statutory minimum of one 180 months of incarceration. Although Fed. R. Evidence 607 allows the credibility of a witness to be attacked by any party, generally a party will not impeach his/her own witness except in cases of entrapment, hostility, or surprise resulting in the party being misled by the witness and

prejudiced thereby. 98 *C.J.S. Witnesses* § 575; Sheila A. Skojec, *Propriety, under Federal Rule of Evidence 607, of impeachment of party's own witness*, 89 ALRFed 13 (1988).

Regardless that petitioner would have preferred his own expert to make a diagnosis of schizophrenic, the issue of his competency had already been elucidated by previous finding and psychiatric examination and the expert testimony of the clinical psychologist was presented to explain to the court favorable evidence of petitioner's diminished capacity, as well as prior history of stressors, that would assist the court as to mitigation of the punishment. The testimony was effective and beneficial to petitioner and we see no reason to now justify a complaint that counsel was ineffective for not impeaching same.

**B. Claims previously Determined on Appeal**.

Although discussed above within the context of ineffective assistance, petitioner Pérez Soler also submits claims regarding his suppression hearing proceedings, as not being present during part of same, and the waiver signed by his attorney was not consonant with his desire to be present, since if he was not identified by the witnesses, he would be set free from the charges. Petitioner also submits counsel joined the request to suppress eyewitness identification with the request to suppress physical evidence, instead of having two separate suppression hearings.

The Court of Appeals found the district court had held an evidentiary hearing regarding petitioner's mental problems determining he was not schizophrenic although he did suffer from post-traumatic stress disorders and severe addictions. Additionally, nothing during the plea

colloquy or in the psychiatrist' testimony impugned the validity of petitioner's guilty plea. Similarly, the alleged miscalculation of his criminal history has no support.

Issues raised on direct appeal, those already resolved, and even those considered waived, are barred in this post-conviction motion. *See* United States v. Escobar de Jesus, 187 F.3d 148, 159-162 (1st Cir. 1999). In a collateral attack petitioner may not litigate again issues already raised and rejected on direct appeal nor new issues that could have been, but were not, raised in direct appeal, absent an intervening change in the law. Davis v. United States, 417 U.S. 333, 342 (1974); Singleton v. United States, 26 F.3d 233, 240 (1st Cir. 1993).

## CONCLUSION

In view of the above, and there being no merit to the motion for post-conviction relief, it is recommended that petitioner Pérez Soler's Section 2255 petition (**Docket No. 1**) be DENIED.

IT IS SO RECOMMENDED.

The parties are ordered to file any objections to this report and recommendation within ten (10) days. Failure to file same within the specified time waives the right to appeal this order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986). *See* Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988) ("Systemic efficiencies would be frustrated and the Magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").

<u>Héctor Pérez Soler v. United States</u>
Civil No. 08-1065 (JAG)
Report and Recommendation
Page No. 12

      San Juan, Puerto Rico, this 10th day of June of 2008.

                              s/ CAMILLE L. VELEZ-RIVE
                                CAMILLE L. VELEZ-RIVE
                                UNITED STATES MAGISTRATE JUDGE